IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case 2:25-cr-00460-3 |
| | : | |
| v. | : | |
| | : | |
| NANCY RIOS VALENTIN | : | |

**MEMORANDUM OF LAW IN**
**SUPPORT OF PRETRIAL RELEASE**

The defendant, by and through her attorney, Robert Gamburg, respectfully requests this Honorable Court to impose conditions of release and in support thereof submits the following:

**FACTS**

The defendant has been indicted in a 168-page indictment charging her with Conspiracy to Distribute in excess of 400 grams of mixture and substance containing fentanyl and 500 or more grams of cocaine and cocaine base. The defendant is also charged with animal fighting.

**ARGUMENT**

18 U.S.C.S. § 3142 provides the following:

**(g) Factors to be considered.** The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
**(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
**(2)** the weight of the evidence against the person;
**(3)** the history and characteristics of the person, including—
**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

In the case at bar, the defendant concedes that the Bail Reform Act contains a rebuttable presumption that the defendant should be detained due to the fact she is facing a term of imprisonment in excess of 10 years. Please see 18 U.S.C. §§3142(e)(3)(A), (B).

The defendant herein rebuts the presumption of pretrial detention, and should be released on conditions. The defendant is a United States Citizen who does not possess a passport. She has ties to Puerto Rico, which is a United States territory and this Court can impose travel restrictions limiting her to the Eastern District of Pennsylvania.

Her family ties are strong. The defendant can reside with her sister at 721 Madison Street, Philadelphia, PA 19134 with a GPS monitor. The defendant has 4 children under the age of 15. Her oldest is Edwin Rivera, age 14. She also has Josh Neil Rivera, age 12, Nomar Roman, who is autistic and has special needs, age 7 and Naneylis Roman, age 6. The defendant provides care for all four children.

The case against this defendant is not strong. She was certainly present on Weymouth Street, as she resided there with her children. The defendant can not be found guilty of any crime unless the Government can prove more than mere presence, and she can not be convicted on a theory of "guilt by association." The defendant strongly maintains her innocence.

The defendant has no incentive to flee and does not pose a danger to the community. She has all of her immediate family in Philadelphia, including her mother and her sisters. She has no prior convictions. She has strong ties to the community. She has a residence available to her that was not alleged to have been involved in any criminal activity where she can care for her 4 children, including her child with special needs.

Once the defendant rebuts the presumption, the Government must prove "that the defendant poses a danger to the community" by clear and convincing evidence. *United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986). The Government cannot meet its burden. The defendant should be released on GPS with a curfew, along with the standard conditions of release.

**WHEREFORE**, Defendant respectfully requests release with conditions.


                                                */s/ Robert Gamburg, Esquire*
                                                ROBERT M. GAMBURG, ESQUIRE
                                                1500 John F. Kennedy Blvd.
                                                Suite 1203
                                                Philadelphia, PA 19102
                                                (215) 567-1486
                                                robert@gamburglaw.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 30, 2025, a true and correct copy of the Defendants' Motion in the herein matter was served on the following person, via e-filing, as follows:

> JASON GRENELL
> U.S. ATTORNEY'S OFFICE ED-PA
> 615 CHESTNUT ST #1250
> PHILADELPHIA, PA 19106
> jason.grenell@usdoj.gov

          /s/ *Robert Gamburg, Esquire*
          ROBERT M. GAMBURG, ESQUIRE
          1500 John F. Kennedy Blvd.
          Suite 1203
          Philadelphia, PA 19102
          (215) 567-1486
          robert@gamburglaw.com